# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ZACHARY R. BARNETT, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT   4:18-cv-02188 |
| SPRINT CORPORATION, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Zachary R. Barnett ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of Sprint Corporation ("Defendant" or "Sprint") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and maintains significant business contacts in the Southern District of Texas.

1

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Sprint is a telecommunications holding company operating from its headquarters in Overland Park, Kansas, that provides wireless services to consumers throughout the United States.

**FACTS SUPPORTING CAUSES OF ACTION**

6. On or around April 30, 2018 Plaintiff disconnected his service with Sprint and joined a different telephone service provider.

7. Plaintiff made a payment to Sprint in the amount of $324.00 in order to close his account with Sprint ("subject debt").

8. On or around May 1, 2018 at 2:20 PM, Plaintiff received a text message from Sprint stating, "Your service has been temporarily restricted due to nonpayment or plan restrictions. Please call*3 to make a payment or *2 to review your plan. Msg 2126."

9. Plaintiff was confused as to why Sprint sent him a text message with regard to nonpayment when he clearly made his obligation on the account.

10. Sprint caused no less than 77 text messages to be sent to Plaintiff's cellular phone in less than 48 hours of Plaintiff disconnecting his services with Sprint.

11. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

12. On or around May 1, 2018, after Plaintiff had received approximately 19 text messages from Sprint, Plaintiff replied, "STOP."

13. Failing to acquiesce to Plaintiff's demand that it stop sending messages, Sprint continued to text Plaintiff.

14. Notwithstanding Plaintiff's request that Sprint cease sending text messages to his cellular phone, Sprint sent or caused to be sent no less than 77 harassing text messages to Plaintiff's cellular phone between April 2018 and the present day.

15. Plaintiff demand that Sprint's text messages cease was not respected and Sprint continued its phone harassment campaign.

16. Sprint intentionally harassed and abused Plaintiff on numerous occasions by texting multiple times in one day, and on back to back days, with such frequency as can be reasonably expected to harass.

**DAMAGES**

17. Sprint's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

18. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Sprint's unfair, deceptive, and misleading actions.

19. Plaintiff was unduly inconvenienced and harassed by Sprint's unlawful attempts to collect the subject debt.

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the text messages, aggravation that accompanies unsolicited text messages, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription

services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Defendant repeatedly sent or caused to be sent frequent non-emergency text messages, including but not limited to the messages referenced above, to Plaintiff's cellular telephone number using a telephone facsimile machine ("TFM") or transmitting text without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(C).

23. The TCPA defines TFM as "equipment which has the capacity...to transcribe text or images, or both from paper into an electronic signal and to transmit that signal over a regular telephone line." 47 U.S.C. §227(a)(3).

24. Upon information and belief, based on Sprint's lack of prompt response to Plaintiff's text messages and the frequency of the text messages, Sprint used a TFM.

25. Sprint violated the TCPA by sending no less than 77 text messages to Plaintiff's cellular phone between April 2018 and the present day, using a TFM without his prior consent.

26. Any prior consent, if any, was revoked by Plaintiff's reply "STOP" to the harassing text messages.

27. As pled above, Plaintiff was severely harmed by Sprint's collection texts to his cellular phone.

28. Upon information and belief, Sprint has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

29. Upon information and belief, Sprint knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

30. Sprint, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

31. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per text message. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Sprint's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff ZACHARY R. BARNETT respectfully prays this Honorable Court for the following relief:
   a. Declare Sprint's text messages to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per text message and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Awarding Plaintiff costs and reasonable attorney fees;
   d. Enjoining Defendant from further contacting Plaintiff; and
   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

32. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

33. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

34. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

35. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

    a. **Violations of TDCA § 391.302**

36. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

37. Sprint violated the TDCA when it continuously sent text messages to Plaintiff's cellular phone after he informed it to stop contacting him. This repeated behavior of systematically texting Plaintiff's phone despite his demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment. The frequency and volume of text messages shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him.

38. Furthermore, Sprint relentlessly contacted Plaintiff multiple times per day on numerous occasions. Sending such voluminous texts on the same day in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

39. Upon being told to stop contacting Plaintiff, Sprint had ample reason to be aware that it should cease its harassing campaign of collection text messages. Nevertheless, Sprint consciously chose to continue sending text messages to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff ZACHARY R. BARNETT respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

Award any other relief as the Honorable Court deems just and proper

**Plaintiff demands trial by jury.**

Dated: June 28, 2018                                       Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com